IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES DAVID MCDIVITT, HV-3016, )
    Petitioner, )
     )
    v. ) 2:11-cv-1537
     )
SUPERINTENDENT PITKINS, et al., )
    Respondents. )

MEMORANDUM and ORDER

      Charles David McDivitt, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      While the petition as well as the response are confusing, it would appear that McDivitt is presently serving sentences imposed by Venango County, Pennsylvania.[1] However, it is not the Venango County sentences which he seeks to challenge here but rather his conviction upon a plea of guilty entered on October 1, 2008 to an offense in Magisterial District Judge District court 35-3-02 at which time he was ordered to pay costs, restitution and a fine. As a result of not paying the imposed penalty, Mercer County has lodged as detainer at the Somerset facility. It is this detainer which he seeks to challenge here.

      The petitioner never filed an appeal from this magisterial conviction.[2] However, on September 16, 2010, he filed a petition for a writ of mandamus in the Supreme Court of

---

[1] The Docket sheets from the Court of Common Pleas of Venango County disclose the following: at No. CP-61-CR-782-1995 the petitioner was convicted of drug and motor vehicle offenses and sentenced to thirty-two to seventy-two months; at No. CP-61-CR-826-2007 the petitioner was convicted of drug and narcotic offenses and sentenced to three to ten years, and at No. CP-61-CR-197-2008 he was convicted of drug charges and sentenced to two to six years incarceration. These docket sheets are available at the Pennsylvania Judiciary Web Portal, http://ujsport.pacourts.us

[2] Pennsylvania provides a mechanism to appeal from a decision of a magistrate to the court of common pleas, which appeal must be filed within thirty days after entry of the guilty plea. Rule 460(A), Pa.R.Crim.P.

1

Pennsylvania which Court denied the writ on January 26, 2011.[3] On November 20, 2011 he executed the instant petition.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

Since the petitioner is challenging a detainer, he is regarded as "in custody" for federal habeas corpus purposes. Melong v. Cook, 490 U.S. 488 (1989); Leyva v. Williams, 504 F.3d 357 (3d Cir. 2007).

The exhaustion provision of §2254 represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

In the instant case, it is readily apparent that the petitioner failed to seek relief in the state courts from the magistrate's determination which occurred on October 1, 2008.[4] In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

---

[3] See: Supreme Court of Pennsylvania Docket 77 WM 2010.
[4] We note also that an additional basis for dismissing the petition is that it is time barred. 28 U.S.C.§2244(d)(1).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. <u>Carter v. Vaughn</u>, 62 F.3d 591 (3d Cir. 1995). Because no such showing is made here, the petitioner has procedurally failed to pursue the available state court remedies and no further consideration of his claim is warranted here.

Accordingly, the petition of Charles David McDivitt for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 3rd day of April, 2012, for reasons set forth in the foregoing Memorandum, the petition of Charles David McDivitt for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge